IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY JOSEPH MOLASKI,

        Plaintiff,

v.

MIKE GOWER, et al.,

        Defendants.

Case No. 6:19-cv-01075-SB

**ORDER OF DISMISSAL**

**IMMERGUT, District Judge.**

Plaintiff Anthony Joseph Molaski ("Molaski"), an individual in custody at Mill Creek Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. On October 15, 2019, this Court dismissed Molaski's Complaint (ECF No. 2), with leave to amend. Currently before the Court are Molaski's Amended Complaint (ECF No. 12) and renewed Motion for Appointment of Counsel (ECF No. 13). For the reasons set forth below, the Court DISMISSES Molaski's amended complaint in part and DENIES his motion for appointment of counsel.

## STANDARDS

The Court must dismiss an action initiated by an individual in custody seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is

PAGE 1 - ORDER OF DISMISSAL

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). Molaski is proceeding *pro se*, and therefore this Court construes the pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

This action arises out of a prison disciplinary proceeding in which Molaski was found guilty of Disturbance and Unauthorized Organization and sanctioned to confinement in disciplinary segregation for 120 days. Am. Compl. at 3. The Court previously dismissed Molaski's complaint to the extent that it was premised on an Eighth Amendment violation because he failed to allege facts to support a reasonable inference that (1) his confinement in disciplinary segregation posed a substantial risk of serious harm or deprived him of the "minimal civilized measure of life's necessities," and (2) Defendants acted with deliberate indifference. Order of Dismissal at 3-4 (ECF No. 7), *citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that an Eighth Amendment claim requires that the prisoner's conditions of confinement

resulted in the denial of the minimal civilized measure of life's necessities or posed a substantial risk of serious harm, and that the defendants acted with deliberate indifference to the prisoner's health or safety); *see also Bauman v. Arizona Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985) (holding that a general limitation on jobs and educational opportunities is not considered punishment under the Eighth Amendment).

In Molaski's amended complaint, he again fails to allege facts to support a reasonable inference that (1) he was confined under conditions that resulted in the denial of the minimal civilized measure of life's necessities or which posed a substantial risk of serious harm, and (2) Defendants acted with deliberate indifference to his health or safety. Accordingly, the Court dismisses Molaski's first claim for relief to the extent it is premised on the Eighth Amendment. However, the claim may proceed under the Due Process Clause.

In Molaski's second claim for relief, he alleges that on April 3, 2017, John Doe correctional officers subjected him to a "group intrusive visual genital and body search" in full view of other inmates and staff in violation of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Pl.'s Am. Compl. at 8. The Court previously dismissed the claim as time barred because (1) Molaski signed his complaint on July 5, 2019, more than two years after the alleged incident, and (2) he has alleged no facts to warrant equitable tolling or equitable estoppel under Oregon law. Order of Dismissal at 4-5.

In his amended complaint, Molaski alleges that the Court erred in dismissing this claim because it was "preserved" in a timely tort claim notice. Am. Compl. at 8. Molaski's argument lacks merit because he does not allege that he filed a civil tort *action* that was dismissed involuntarily thereby triggering the savings clause of OR. REV. STAT. § 12.220(1),[1] or any other

---

[1] Pursuant to OR. REV. STAT. § 12.220(1), "*if an action is filed with a court* within the time

PAGE 3 - ORDER OF DISMISSAL

facts to support equitable tolling of the two-year statute of limitations. *See Jackson v. Multnomah Cty.*, No. 3:12-cv-00764-SI, 2013 WL 428456, at *5 (D. Or. Feb. 4, 2013) (holding that filing a tort claim notice fails to equitably toll statute of limitations for § 1983 action); *cf. Williford v. City of Portland*, 320 F. App'x 513, 515 (9th Cir. 2009) (applying OR. REV. STAT. § 12.220(1) and holding that § 1983 action was timely because the plaintiff filed a prior action within the statute of limitations of which defendants had notice). Accordingly, the Court dismisses Molaski's second claim for relief as time barred.

## CONCLUSION

Based on the foregoing, this Court DISMISSES Molaski's Amended Complaint (ECF No. 12) to the extent that claim one is premised on the Eighth Amendment, and DISMISSES claim two in its entirety. This action shall proceed on Molaski's allegations in claims one and three that the Defendants violated his right to due process.

The Court DENIES Molaski's renewed Motion for Appointment of Counsel (ECF No. 13), because he has not demonstrated a likelihood of success on the merits and he is able to articulate his claims *pro se* in light of the complexity of the case and despite the inherent difficulties of doing so while incarcerated. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that when ruling on a motion for appointment of counsel, a court considers the plaintiff's likelihood of success on the merits and his ability to articulate his claims *pro se* in light

---

allowed by statute, and the action is involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action, or is involuntarily dismissed with prejudice on the ground that the plaintiff failed to properly effect service of summons within the time allowed by ORS 12.020 and the statute of limitations for the action expired, the plaintiff may commence a new action based on the same claim or claims against a defendant in the original action *if the defendant had actual notice of the filing of the original action not later than 60 days after the action was filed.*" (Emphasis added.)

PAGE 4 - ORDER OF DISMISSAL

of the complexity of the legal issues involved). Molaski may renew his request for counsel at a later stage of the proceeding.

The Court will seek waiver of service from the Defendants on Molaski's behalf.

**IT IS SO ORDERED.**

DATED this _26th_ day of May, 2020.

_____
Karin J. Immergut
United States District Judge